977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Javiar VAZQUEZ, Defendant-Appellant.
 No. 92-3057.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1992.
 
 D. Kan., No. 91-10037-01.
 D.Kan.
 AFFIRMED.
 Before LOGAN, HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Defendant Javiar Vazquez entered a conditional guilty plea to charges of conspiracy to distribute marijuana and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), 846 and 18 U.S.C. § 2. He now appeals the district court's denial of his motion to suppress.
 
 
 2
 Vazquez was arrested after DEA agents in Arizona relayed information obtained from a confidential informant to agents in Wichita. The informant said that Vazquez was coming to Wichita to conduct a "drug deal." According to the informant Vazquez had distributed drugs in Wichita in the past, either by driving with the drugs himself or by flying and arranging for a confederate to drive with the drugs. The informant described Vazquez and his automobile, and provided his phone number and flight information. Vazquez was not a known drug distributor, but while in Wichita he stayed in a house known to the authorities as associated to a known drug suspect.
 
 
 3
 Wichita agents followed Vazquez from the airport and monitored his activities throughout the day. They observed Vazquez visiting Francisco Durazo at a local motel, and determined that Durazo owned a Toyota with Arizona plates parked in the motel lot. A few hours before Vazquez was arrested, a narcotic detection dog alerted agents to the possible presence of drugs in the Toyota. Vazquez was arrested as he was about to drive away in the Toyota, shortly after another meeting with Durazo. A search immediately following the arrest disclosed 46.38 kilos of marijuana and one kilo of cocaine in the car.
 
 
 4
 Vazquez contends that the drugs found in the Toyota should not have been admitted into evidence. He alleges that any probable cause to search and arrest him that arose from the informant's tip "evaporated" because Wichita agents did not observe him delivering or receiving anything in connection with a drug deal. Defendant reasons that because the tip said he was coming to Wichita to conduct a drug deal, and because he was not seen transacting business, the tip did not check out and therefore the agents lacked probable cause to arrest him.
 
 
 5
 The flaw in defendant's argument is that much of what the informant said did check out. In particular the agents confirmed that Vazquez flew in to Wichita, that someone else apparently drove from Arizona, that there were drugs in the Arizonan's car, and that Vazquez met with the driver of the car. Vazquez had just taken sole control of the Toyota containing the drugs when he was arrested.
 
 
 6
 Even if the agents did not have probable cause to proceed based on the informant's report alone, the dog's detection of drugs in the car did constitute probable cause. United States v. Williams, 726 F.2d 661, 663 (10th Cir.1984) (narcotics detection dog's alert establishes probable cause for an arrest). We have upheld the use of narcotic detection dogs at least when the police had reasonable suspicion of drug-related criminal activity. See United States v. Bell, 892 F.2d 959, 968 (10th Cir.1989); United States v. Stone, 866 F.2d 359, 363 (10th Cir.1989); Williams, 726 F.2d at 663. See also United States v. Morales-Zamora, 914 F.2d 200 (10th Cir.1990) (probable cause unnecessary when dog is used to sniff vehicle stopped at a lawful roadblock), conviction vacated upon finding that roadblock was pretextual, 1992 U.S.App. LEXIS 20720. We hold that there was such reasonable suspicion in this case. Before employing the dog to sniff the Toyota, the agents had confirmed that Vazquez flew into Wichita and met with the driver of a car with Arizona plates. Based on the tip's description of Vazquez's method of transporting drugs, they had "reasonable, articulable suspicion, premised on objective facts," that the car would contain contraband sufficient to employ the drug-sniffing dog. United States v. Place, 462 U.S. 696, 702 (1983).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3